UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CLIFTON J. COX, | ) |
|     Petitioner, | ) ) ) |
| vs. | )    No. 2:23-cv-02497-JPM-tmp |
| FLOYD BONNER, | ) ) ) |
|     Respondent. | ) ) |

**ORDER GRANTING MOTION TO DISMISS (ECF NO. 15);
DENYING THE PETITION PURSUANT TO 28 U.S.C. § 2241 (ECF NO. 1);
DENYING A CERTIFICATE OF APPEALABILITY;
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH; AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court are: (1) the Petition For A Writ Of Habeas Corpus Under 28 U.S.C. § 2241 (the "§ 2241 Petition") filed by Petitioner Clifton J. Cox ("Petitioner" or "Cox")[1]; (2) Respondent's Combined Motion And Supporting Memorandum To Dismiss For Failure To State A Claim And Failure To Exhaust State Remedies (the "MTD"); and (3) Petitioner's "Reply[] to Respondent's And Showing That Respondent's Commient [sic] Perjury and Falsify Documents" ("Response").  (ECF Nos. 1, 15, 16.)  Respondent moves the Court to dismiss the § 2241 Petition on the grounds that Petitioner (1) fails to state a claim for which relief can be granted and (2) has not exhausted his state remedies.  (ECF No. 15 at PageID 71.)  For the reasons set forth below, the Court **GRANTS** Respondent's Motion to Dismiss and **DENIES WITH PREJUDICE** Plaintiff's § 2241 Petition.

---

[1] Petitioner is incarcerated at the Shelby County Criminal Justice Center ("SCCJC"). His booking number is 21100275.

I.      BACKGROUND

Cox was arrested on January 7, 2021 for attempted first degree murder and especially aggravated robbery. See Shelby County Criminal Justice System Portal ("SCCJSP"), Case No. 21000301, https://cjs.shelbycountytn.gov/CJS/Home/WorkspaceMode?p=0 (last accessed June 24, 2024); (see also ECF No. 15-1 at PageID 95-96 (Memphis Police Department January 7, 2021 Record of Arrest for Clifton J. Cox).) He was subsequently released from custody.[2] See SCCJSP, Case No. 21000301. On July 13, 2021, Indictment No. 21-01472 was returned against Cox for: attempted first degree murder; especially aggravated robbery; being a convicted felon in possession of a firearm; and employing a firearm during a felony (collectively, the "Charges"). (ECF No. 15-1 at PageID 78 ("Indictment").) Cox was arrested again on July 14, 2021. (ECF No. 15-2 at PageID 104 (Shelby County Sheriff's Office Record Of Arrest for Clifton Cox, dated July 14, 2021).); SCCJSP, Case No. C2102544 (last accessed June 24, 2024). Petitioner has not been convicted or sentenced on any of the Charges. See id. (showing a trial date set for August 5, 2024). (See also ECF No. 16 at PageID 111.) Cox is a pre-trial detainee, who has been housed at the SCCJC since his last arrest. (ECF No. 1 at PageID 1, 7.)

In the § 2241 Petition, Cox asserts four claims: (1) failure to receive a speedy trial; (2) failure to receive due process of law; (3) excessive bail[3]; and (4) malicious prosecution. (ECF No.

---

[2] Cox asserts that he has been housed at SCJC for more than three (3) years and was never released from custody (ECF No. 16 at PageID 110-11), while Respondent contends that Cox was released and subsequently re-arrested. (ECF No. 15 at PageID 71.)

[3] Petitioner does not specify whether his excessive bail claim corresponds to Case No. C2102544 (involving the Charges) or Case No. C2102516 (involving a charge against Petitioner for unlawful carrying or possession of a weapon). (See SCCJSP (last accessed June 24, 2024).) However, data available on the SCCJSP as of the date of the instant Order suggests that a bond setting has occurred only in Case No. C2102544.

2

1 at PageID 7-8.)  He seeks "prompt trial, dismiss[al] [of] the [I]ndictment on speedy trial grounds, or release on my own recognizance bail pending trial."  (ECF No. 1 at PageID 8; ECF No. 1 at PageID 11, 13 & 19.)  Petitioner attaches to his § 2241 Petition the following exhibits, which appear to be *pro se* motions and/or to be filed in the state court or presented to the state court judge: (1) Speedy Trial/ Evidentiary Hearing (ECF No. 1-1 at PageID 11-15); (2) Motions to Suppress False Affidavits (id. at PageID 16-18); and (3) letters to Judge Lee Coffee (id. at PageID 19-20).[4]

On October 5, 2023, the Court entered an Order: (1) concluding that the § 2241 Petition's due process and malicious prosecution claims are not cognizable under § 2241; (2) ruling that the § 2241 Petition's speedy trial and excessive bail claims are cognizable under § 2241; and (3) directing Respondent to file a response to Petitioner's speedy trial and excessive bail claims.  (ECF No. 7 at PageID 56.)

## II.   ANALYSIS

Section 2241 authorizes federal courts to issue writs of habeas corpus on behalf of a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States[.]"  28 U.S.C. § 2241(c)(3).  However, except in extraordinary circumstances, the habeas remedy cannot be invoked to raise defenses to a pending state criminal prosecution.  See Younger v. Harris, 401 U.S. 37, 46 (1971); Atkins v. Michigan, 644 F.2d 543, 546 (6th Cir. 1981) ("Intrusion into state proceedings already underway is warranted only in extraordinary circumstances").  That is, although pretrial detainees may pursue habeas relief under § 2241, the right to pretrial habeas is limited.  See, e.g., Smith v. Burt, No. 19-1488, 2019 WL 5608064, at *1-

---

[4]  These documents are not file-stamped.  (*See* ECF No. 1-1.)  This Court cannot, therefore, conclude that they were filed in the Shelby County Criminal Court.  Cox asserts that, until he filed a writ of habeas corpus, the state court has ignored all motions that he has filed.  (ECF No. 16 at PageID 111.)

3

2 (6th Cir. Oct. 28, 2019) (internal citations omitted). "Although federal courts have jurisdiction to hear habeas petitions before trial in limited circumstances, they should generally abstain from exercising jurisdiction over petitions that can be resolved by either trial in the state courts or other state procedures available to the petitioner." Switek v. Michigan, 587 F. Supp. 3d 622, 625 (E.D. Mich. Nov. 2, 2021) (citing Atkins, 644 F.2d at 545–546). A violation of a pretrial detainee's (1) right to a speedy trial or (2) right "against unreasonable bail pending trial" may present an extraordinary circumstance warranting federal intervention. Atkins, 644 F.2d at 549-50.

Still, Petitioner must prove that he exhausted his state-court remedies before he filed his § 2241 petition. Phillips v. Court of Common Pleas, Hamilton Cnty, Ohio, 668 F.3d 804, 810 (6th Cir. 2012) (where state inmates seek relief under § 2241, they "must exhaust all available state court remedies before proceeding in federal court"); Hamm v. Saffle, 300 F.3d 1213, 1216 (6th Cir. 2002) (a § 2241 petition for federal habeas corpus relief will not be considered unless a petitioner first exhausts all available state court remedies for each claim presented in the petition); see also Atkins, 644 F.2d at 546 (even when a colorable § 2241 claim is presented, a federal habeas court must abstain from exercising habeas jurisdiction as a matter of comity "if the issues raised in the petition may be resolved either by trial on the merits or by other available state procedures"); Switek, 587 F. Supp. 3d at 625 (citing Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994)).

In the MTD, Respondent contends that: (1) dismissal of an indictment "is not attainable through federal habeas corpus" (ECF No. 15 at PageID 72-73); (2) Petitioner has not exhausted his speedy trial claim in state court and therefore cannot compel the state to go to trial (id. at PageID 73-74); and (3) Petitioner has not exhausted his excessive bail claim in state court and therefore a writ of habeas corpus is premature. (Id. at PageID 74-75.) Respondent argues that

4

"any federal interference [in Petitioner's state court criminal proceedings] is premature [because] … Petitioner [has not] exhausted state remedies." (Id. at PageID 75.)

On March 4, 2024, Petitioner filed an untimely Response to the MTD.[5] (ECF No. 16.) In the Response, Petitioner does not address the arguments made in the MTD. Rather, Petitioner contests the basis of the state criminal charges against him. (See, e.g., id. at PageID 111 (contending that "there [was] no affidavit to support a gun charge. There was no affidavit to support arrest on July 14, 2021 … [T]he State and the Respondent are willing to commit[] perjury and falsify documents").)

### a. The Speedy Trial Claim

As an initial matter, to the extent the § 2241 Petition seeks "dismiss[al] [of] the indictment" (ECF No. 1 at PageID 7; ECF No. 1 at PageID 11, 13 & 19), the relief Cox seeks is unavailable. "[P]retrial habeas petitions generally cannot dismiss an indictment or prevent a prosecution …" *See Switek*, 587 F. Supp. 3d at 625 (citing Atkins, 644 F.2d at 547). A state pretrial detainee "may not generally seek habeas relief to forestall prosecution altogether." Abernathy v. U.S. Marshal Serv., No. 2:08-CV-14663, 2008 WL 4858442, at *1 (E.D. Mich. Nov. 10, 2008) (citing Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489–91 (1973)). In other words, a federal court may order a state court to proceed to trial on criminal charges against a petitioner, but the federal court may not dismiss an indictment in advance of trial. See Atkins, 644 F.2d at 547; Montgomery v. Hall, No. 3:21-cv-0701, 2022 WL 2721056, at *2 (M.D. Tenn. June 6, 2022);

---

[5] Petitioner's response to the MTD was due on or before Thursday, January 4, 2024. *See* Local Rule 12.1(b). Petitioner filed his Response on March 4, 2024 -- *i.e.*, sixty (60) days after the January 4, 2024 deadline. (ECF No. 16.) Given Petitioner's *pro se* status, and in the interest of resolution of this case, the Court considers the Response in its legal analysis.

Switek, 587 F. Supp. 3d at 625. At this time, the Court may not dismiss the State of Tennessee's Indictment against Cox.

The § 2241 Petition seeks a "prompt trial" on "speedy trial grounds." (ECF No. 1 at PageID 7; ECF No. 1 at PageID 11, 13 & 19.) A federal court should not entertain speedy trial claims until the petitioner has first exhausted the issues in state court. Atkins, 644 F.2d at 546–47, 549. The requirement that a federal habeas petitioner first exhaust his available state remedies is "especially forceful in a situation involving a speedy trial claim," because the remedy for such a violation will involve either dismissal of the indictment (if a petitioner establishes that the delay has prejudiced his defense) or a federal order requiring the state to bring the petitioner promptly to trial — remedies which "could not be more disruptive of pending state actions." Id. at 546. To seek relief as a detainee pursuant to § 2241, a petitioner must show that he "has availed himself fully of the state machinery in attempting to have the state commence trial on the charges pending against him." See id. at 547.

As a general matter, exhaustion in this context means that the detainee must present his claims to all levels of state court review that are available to him. See id. at 548 (finding petitioner exhausted speedy trial claim where "the state Supreme Court denied . . . leave to appeal [and] no state avenue remained open to him to press his claim"). Criminal defendants in Tennessee have no right to take interlocutory appeals on speedy trial motions. State v. Hawk, 170 S.W.3d 547, 548 (Tenn. 2005) ("We also hold that the defendant is not entitled to seek interlocutory review of the trial court's order rejecting her alleged Sixth Amendment speedy trial violation"). "The merits of a defendant's speedy trial claim can be best evaluated if raised on direct appeal following a conviction." Id. at 555. When a defendant has no right to appeal a pretrial order denying his claim of a right to speedy trial, the denial of that motion does not constitute a ruling that would show

6

exhaustion of his constitutional claim.  See Moore v. DeYoung, 515 F.2d 437, 444–45 (3d Cir. 1975) ("This issue is still available to Moore as an affirmative defense at trial and thereafter, on appellate review").

The Supreme Court's ruling on the facts in Braden, 410 U.S. 484, is illustrative.  In that case, the petitioner alleged: that "he had made repeated demands" to the courts of Kentucky "for a speedy trial" on the state indictment against him; that his right had been denied; that "further delay in trial would impair his ability to defend himself"; and that "the existence of the Kentucky indictment adversely affected his condition of confinement in Alabama by prejudicing his opportunity for parole."  Braden, 410 U.S. at 487.  Because the petitioner in Braden demonstrated his "repeated demands for trial to the [state] courts, offering those courts an opportunity to consider on the merits his constitutional claim of the denial of a speedy trial", the Supreme Court ruled that he satisfied the exhaustion requirement.  Id. at 490.  The same cannot be said of Cox.

Petitioner says that he filed a motion for "Speedy Trial / Evidentiary Hearing" in April 2023.  (ECF No. 1-1 at PageID 11-14.)  However, he does not demonstrate that he exhausted his speedy trial claim in the state courts prior to seeking federal habeas relief.  Although he says "that he filed one motion for a speedy trial[,] … he does not show that he has acted diligently to bring his motion for a hearing in [state] court."  See Harmon v. Long, No. 3:15-cv-0149, 2015 WL 1275285, at *5 (M.D. Tenn. Mar. 18, 2015). (See also ECF No. 1 at PageID 7 (alleging, without more, that "[o]n April 28, 2023, [Cox] fil[ed] [a] motion for a speedy trial / evidentiary hearing"); ECF No. 1-1 at PageID 11-14 (motion for "Speedy Trial / Evidentiary Hearing", signed by Cox and dated April 28, 2023).)  For example, nothing in the record suggests that Cox sought leave to appeal with the Tennessee Supreme Court.  See Atkins, 644 F.2d at 548.  Further, Cox does not demonstrate that he "filed a motion to dismiss the charges against him in the [state] court based on

7

speedy-trial grounds.  Under these circumstances, … the [P]etitioner has not exhausted his state remedies." See Harmon, 2015 WL 1275285, at *5.  Therefore, Petitioner's speedy trial claim is **DISMISSED** for failure to exhaust his state court remedies.

### D.     The Excessive Bail Claim

To the extent the § 2241 Petition asserts an "excessive bail" claim for which Cox seeks "release on my own recognizance" (ECF No. 1 at PageID 7-8; ECF No. 1 at PageID 11, 13 & 19), he does not demonstrate that he exhausted his excessive bail claim in the state courts before asserting it in the § 2241 Petition.  See Atkins, 644 F.2d at 549-50 (a § 2241 petitioner's excessive bail claim, like his speedy trial claim, must be exhausted in the state courts before asserting it in a federal habeas petition).

To exhaust an excessive bail claim, a Tennessee detainee must file a bail-reduction motion in the trial court; if that is unsuccessful, the detainee must file "a motion for review in the court of criminal appeals"; and if that is unsuccessful, the detainee may file "a motion for review in the state supreme court." Weatherspoon v. Oldham, No. 17-cv-2535-SHM-cgc, 2018 WL 1053548, at *4 (W.D. Tenn. Feb. 26, 2018) ("Review of the criminal court's [bond] determination can be had by filing a motion for review in the [state] court of criminal appeals", and "[r]eview of the court of criminal appeals' decision, if necessary, can be had by filing a motion for review in the state supreme court") (citing Tenn. Code Ann. § 40-11-1144; Tenn. R. App. P. 8); see also Mpawinayo v. Hall, No, 3:20-cv-1097, 2021 WL 1984944, at *1 (M.D. Tenn. May 18, 2021) ("Because the petitioner has not appealed the state trial court's denial of his bail reduction motions — despite his right to file a motion for review of such denial in the Tennessee Court of Criminal Appeals 'at any time before an appeal of any conviction,' Tenn. R. App. P. 8(a) — he has failed

to properly exhaust his excessive-bail claim, and this court must therefore decline to address its merits").

Here, Cox alleges that his bail of $585,000.00 was excessive and not warranted. (ECF No. 1 at PageID 7.)[6] He argues that "the state ignored to hear [sic] my false affidavit claim and not make the state show eviden[ce] they do not have that anybody was shot 17 times or a video of me doing the shooting, and the time do[es] not match said time of shooting." (ECF No. 1 at PageID 7.) Petitioner does not offer facts providing context for his vague allegation about the purported "false affidavit claim." The determinative shortcoming in Petitioner's excessive bail claim is that he has not demonstrated: (1) that he filed with the trial court a motion for review of bail, if any; (2) that the trial court decided such motion; and (3) if the disposition of said motion was unfavorable to Cox, that he filed a motion for review with the Tennessee Court of Criminal Appeals. See Weatherspoon, 2018 WL 1053548, at *4. Petitioner's March 6, 2023 Motion To Suppress False Affidavits, attached as an exhibit to the MTD, alleges no facts and makes no legal arguments about Petitioner's bail amount regarding the Charges. (See ECF No. 15-1 at PageID 87-88.) Nothing in the record suggests that either Petitioner or his counsel has requested a review of Petitioner's bail in the trial court or on appeal. (See ECF No. 15-1 at PageID 97-98; ECF No. 15-2 at PageID 106-07 (criminal proceeding records for Indictment No. 21-01473).) In short, Petitioner does not demonstrate that he took even the first step to exhausting his excessive bail claim by filing a bail-reduction motion in state court.

Unless and until Petitioner (1) has filed a motion for bail reduction and (2) has appealed any adverse ruling to the Tennessee Court of Criminal Appeals, he has not exhausted his excessive-

---

[6] Cox may be arguing that his bail was excessive because the State had no evidence that he shot someone seventeen (17) times, but he offers no supporting factual allegations. (See ECF No. 1 at PageID 7.)

9

bail claim for the purpose of seeking federal habeas relief under § 2241.  See Houston v. Helton, No. 1:23-cv-0021, 2023 WL 3829400, at *3 (M.D. Tenn. June 5, 2023) (citing Sultaana v. Bova, No. 1:12CV3117, 2013 WL 3947647, at *3 (N.D. Ohio July 31, 2013) (dismissing § 2241 excessive bail claim on preliminary review for failure to exhaust)); Taylor v. Hall, No. 3:22-cv-0616, 2022 WL 6225465, at *3 (M.D. Tenn. Oct. 7, 2022) ("There is no indication that Petitioner has taken the first step to exhausting an excessive bail claim by filing a bail reduction motion in the trial court.  Unless and until Petitioner does so, and he appeals any adverse ruling to the Tennessee Court of Criminal Appeals, this Court cannot consider his excessive bail claim in a § 2241 proceeding").  Therefore, Petitioner's excessive bail claim is **DISMISSED** for failure to exhaust his state court remedies.

**III.     CONCLUSION**

For the reasons explained above, Petitioner, a pretrial detainee, is not entitled to federal habeas relief from his state prosecution under 28 U.S.C. § 2241.  The MTD (ECF No. 15) is **GRANTED**, and the § 2241 Petition is **DENIED WITH PREJUDICE**.  Judgment shall be entered for Respondent.

**IV.     APPELLATE ISSUES**

A state pretrial detainee asserting claims under 28 U.S.C. § 2241 may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA").  Winburn v. Nagy, No. 19-2398, 2020 WL 1951893, at *2 (6th Cir. Apr. 23, 2020) (citing 28 U.S.C. § 2253(c)(1)) ("[T]he language of § 2253(c)(1)(A) requires certificates of appealability for all state-prisoner habeas appeals, whether seeking pretrial relief under § 2241 or post-conviction relief under § 2254").

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotation marks omitted); see also Henley v. Bell, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. Miller-El, 537 U.S. at 337; Caldwell v. Lewis, 414 F. App'x 809, 814-15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. Bradley v. Birkett, 156 F. App'x 771, 773 (6th Cir. 2005).

In this case, reasonable jurists would not debate the correctness of the Court's decision to deny the § 2241 Petition. Because any appeal by Petitioner would not meet the standards established in Miller-El, the Court **DENIES** a certificate of appealability.

Rule 24(a)(1) of the Federal Rules of Appellate Procedure provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. See Fed. R. App. P. 24(a) (4)-(5). In this case, for the same reasons the Court denies a COA, the Court **CERTIFIES**, pursuant to Rule 24(a), that any appeal would not be taken in good faith. Leave to appeal *in forma pauperis* is, therefore, **DENIED**.[7]

---

[7] If Petitioner files a notice of appeal, he must pay the full six hundred and five dollar ($605.00) appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit

11

**IT IS SO ORDERED**, this 12th day of July, 2024.

       /s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE

---

in the Sixth Circuit Court of Appeals within thirty (30) days of the date of entry of this Order. See Fed. R. App. P. 24(a)(5).